IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN RUDDELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-1253-NJR-DGW |
| | ) |
| MARATHON PETROLEUM CO., LP, | ) |
| and MARINE TRANSPORTATION, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on Plaintiff Ryan Ruddell's Motion for the Court to Take Judicial Notice (Doc. 41). For the reasons stated below, Ruddell's motion is denied.

### BACKGROUND

Ruddell initiated this lawsuit on November 11, 2015, pursuant to the Jones Act, 46 U.S.C. § 30104. According to the Complaint, Ruddell was an employee of Defendant Marathon Petroleum Company LP (named as Marathon Petroleum Company, L.P., Marine Transportation) ("MPC"), serving as a crewmember aboard its vessels. Ruddell alleges that on August 27, 2014, the vessel upon which he was working set out in inclement weather too severe for safe navigation due to storm and lightning conditions (Doc. 1, p. 1). Ruddell claims he was "required to work at breakneck speed, taking off kinked wires and laying them in order to hurry and get through a lock and tie off to a fleet" (*Id.*). As a result of this "overexertion," Ruddell alleges, he suffered injury (*Id.*).

Ruddell now argues that the storm and lightning conditions present at the time of the incident caused or contributed to cause his claimed injury, "putting weather conditions in and around the Wood River, Illinois area on the evening of August 27, 2014 at issue in the case." (Doc. 42, p. 1). Ruddell served various discovery requests upon MPC regarding its understanding of what constitutes a "thunderstorm," including requests for admissions that a thunderstorm is a storm characterized by the presence of lightning and that every thunderstorm produces lightning (Doc. 42, pp. 2-3). MPC objected to Ruddell's requests and denied the requests for admissions. With the present motion, Ruddell asks the Court to take judicial notice that (1) thunder accompanies lightning, and (2) a thunderstorm is a storm accompanied by thunder.

## LEGAL STANDARD

A court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either (1) "generally known within the territorial jurisdiction of the trial court" or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting FED. R. EVID. 201(b)). Judicial notice is proper only when the matter is beyond reasonable controversy. *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). Courts have traditionally taken judicial notice of facts of universal truths that cannot reasonably be controverted, such as geography or matters of political history. *520 South Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119, n. 14 (7th Cir. 2008); *see also Shahar v. Bowers*, 120 F.3d 211, 214

(11th Cir. 1997). In other words, courts take judicial notice of matters of common knowledge.

Judicial notice is "an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp.*, 128 F.3d at 1081. "When a court takes judicial notice of an adjudicative fact in a civil case, the court must then instruct the jury to accept the noticed fact as conclusive, effectively directing a verdict on this point and taking the issue out of the case." FED. R. EVID. 201(f). As a result, courts should "strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Id.* "Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016).

## DISCUSSION

Ruddell argues that the facts he asks the Court to judicially notice—that "thunder accompanies lightning" and that "a thunderstorm is a storm accompanied by thunder"—are not subjects of reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. To support his request for judicial notice that thunder accompanies lightning, Ruddell offers the Court various dictionary definitions of "thunder," including "the crashing or booming sound produced by rapidly expanding air along the path of the electrical discharge of lightning" and "a loud, explosive, resounding noise produced by the explosive expansion of air headed by a lightning discharge." To support his request for judicial notice that a thunderstorm is a storm accompanied by thunder, Ruddell points

only to an interrogatory response by MPC stating that "Defendant's understanding of a thunderstorm is that it is a storm accompanied by thunder."

In response, MPC argues that taking judicial notice of these supposed facts would mischaracterize or skew witness testimony about the weather conditions at the time of the incident, thereby misleading the jury (Doc. 46). MPC also argues that the facts at issue are not "adjudicative facts" and, thus, are not proper facts of which the Court can take judicial notice. MPC claims that the facts about thunder and thunderstorms are "non-evidence facts" that may be used to appraise or assess the adjudicative facts of a case, but that are "not an appropriate subject for a formalized judicial notice treatment." *See* FED. R. EVID. 201, Adv. Comm. Note (a).

In this instance, the Court declines to take judicial notice that thunder accompanies lightning and a thunderstorm is a storm accompanied by thunder. Although his intentions are unclear, it appears to the Court that Ruddell is attempting to somehow demonstrate that MPC must be liable for his injuries if lightning was present at the time of the incident because MPC has a rule against working in lightning conditions (*see* Doc. 46, p. 3). With its opposition, however, MPC provided excerpts of deposition testimony from other crew members who stated there was no lightning while the crew was working on August 27, 2014 (Docs. 41-1, 46-2). Captain Michael Scott, on the other hand, referred to a thunderstorm occurring, but stated that just because there is a thunderstorm does not mean that lightning is present (Doc. 46-3). In fact, he testified that it was raining heavily while the crew was working, but that there was no lightning until the crew was back on board the boat.

The Court agrees with MPC that taking judicial notice in this instance may mischaracterize the testimony of the witnesses and mislead the jury as to a disputed fact. While the Court agrees it is generally "beyond reasonable controversy" that a thunderstorm includes thunder and that thunder follows lightning, in this case taking judicial notice of those facts would effectively allow Ruddell to misconstrue Captain Scott's testimony to the jury. Captain Scott testified that a thunderstorm (in the form of heavy rain) had hit when the incident occurred, but that he saw no lightning until the crew was back aboard the boat. Given the caution the Court must take in exercising judicial notice, the Court declines to judicially notice the facts as requested. Instead, the parties may present evidence to establish the weather conditions at the time of the incident.

For these reasons, Plaintiff Ryan Ruddell's Motion for the Court to Take Judicial Notice (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 12, 2017

s/Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL
United States District Judge**